FILED
CLERK
3:15 pm, Apr 06, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---

JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,

      Plaintiff,

v.

P & B HEATING & AIR CONDITIONING CORP., CRAIG NAPOLITANO, and ROBERT NAPOLITANO,

      Defendants.

---

Case No. 23-CV-2582

## ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.1(d), and upon considering the declarations of William Dempsey and Amy Tai, and the Secretary of Labor's Memorandum of Law in Support of a Temporary Restraining Order and Order to Show Cause for Preliminary Injunction, the Court finds that there is good and sufficient reason to issue a Temporary Restraining Order ("TRO"), and that the Plaintiff has met her burden for this TRO to issue without notice to Defendants P & B Heating & Air Conditioning Corp., Craig Napolitano, and Robert Napolitano (the "Defendants").

Despite having agreed to comply with the Fair Labor Standards Act ("FLSA") and pay unpaid overtime compensation owed to P & B Heating's employees, and having been advised by their own counsel that it is unlawful to demand or threaten employees to turn over back wage payments to which the employees are entitled, Defendants have continued to threaten and intimidate employees, and interfere with the Secretary's duty to supervise payments to employees of unpaid overtime compensation. As a result, the Secretary and Defendants' employees will suffer irreparable injury absent an injunction. This Court is issuing a TRO without notice to prevent

further retaliation by Defendants between the time Defendants would have received such notice and the time the Court would have issued the TRO, which may cause irreparable injury to the Secretary and Defendants' employees as set forth above. Accordingly, it is:

**ORDERED**, that, sufficient reason having been shown therefor, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants, their officers, employees, agents, successors, and all persons acting or claiming to act in their behalf and interest are restrained, pending the hearing Plaintiff's application for a preliminary injunction, as follows:

1. From violating section 15(a)(3) of the Act;

2. From causing any current or former employees due back wages under the October 3, 2022 Back Wage Compliance and Payment Agreement (the "Agreement") they signed to "kick back" any back wages found due to the employees under the Agreement;

3. From deducting from the current wages due to any current employee for hours worked any back wages paid to that employee pursuant to the Agreement;

4. From harming and threatening harm, terminating or threatening to terminate employment, blacklisting or threatening future employment, contacting immigration authorities or other law enforcement or threatening to contact law enforcement, withholding wages or threatening to withhold wages, reducing hours or threatening to reduce hours, intimidating, coercing, threatening, or retaliating or discriminating against their employees in any other way, to prevent or otherwise dissuade an employee from speaking with the Department of Labor, accepting back wages owed to them under the Agreement, or engaging in any other protected activity under the Act;

5. From harming and threatening harm, terminating or threatening to terminate employment, blacklisting or threatening future employment, contacting immigration authorities or other law enforcement or threatening to contact law enforcement, withholding wages or threatening to withhold wages, reducing hours or threatening to reduce hours, intimidating, coercing, threatening, or retaliating or discriminating against their employees in any other way, based on Defendant's belief that such employee has spoken with the Department of Labor or engaged in any other protected activity under the Act;

6. From obstructing and interfering with the Secretary's supervision of the distribution of back wage payments pursuant to the Agreement;

7. From telling any workers not to cooperate with the Secretary's representatives; instructing any workers to provide incomplete or false information to the Secretary's representatives;

or questioning workers about their cooperation or communications with the Secretary's representatives; **and**

8. From terminating any employee without providing at least seven days notice to the Wage and Hour Division of the U.S. Department of Labor prior to any termination.

**IT IS FURTHER ORDERED** that, sufficient reason having been shown therefor, pending the hearing Plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants, their officers, employees, agents, successors, and all persons acting or claiming to act in their behalf and interest shall be required to:

1. Immediately return (within 2 days of this Order) to employees any back wages from the Agreement that employees have kicked back to Defendants;

2. Within 7 days of this Order, allow representatives of the Secretary to read aloud in English and any other language as necessary to be understood by Defendants' employees, during employees' paid working hours, the following statement to all employees employed by Defendants, and in the presence of Craig Napolitano, Robert Napolitano, and Todd Napolitano:

> **The Department of Labor reached a settlement with P & B Heating & Air Conditioning Corp. for violations of the Fair Labor Standards Act. Some workers are owed overtime wages for work performed between July 5, 2019 and July 4, 2021.**
>
> **You have the right to receive the full amount of any back wages owed (after taxes). The back wages from the settlement are not duplicative of the wages you were previously paid by your employer. P & B Heating & Air Conditioning Corp., Craig Napolitano, Robert Napolitano, and Todd Napolitano cannot require you to return any money paid to you as part of the settlement with the Department of Labor. They cannot ask you to give up your current or future wages to get money from the settlement, or threaten to retaliate against you, including termination, if you keep any money you get as part of the settlement with the Department of Labor.**
>
> **You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation into your employer's workplace practices and employment conditions. You have the right to speak freely with investigators, attorneys, or other officials from the Department of Labor. Your employer and any person acting on behalf of your employer are prohibited from retaliating against you in any way, including by threatening harm to you or your families, terminating you, reporting you to immigration, or**

3

**threatening to do any of these things because you spoke with the Department of Labor or because you refused to turn over any money paid to you as part of the settlement with the Department of Labor.**

**The U.S. District Court for the Eastern District of New York has ordered P & B Heating & Air Conditioning Corp., Craig Napolitano, Robert Napolitano, and anyone acting on their behalf to cease coercing, retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening employees for providing information to the Department of Labor or for accepting the money paid to you as part of the settlement with the Department of Labor.**

3. Within 7 days of this Order, mail a hard copy of the above statement, in English and any other language as necessary to be understood by Defendants' employees, to all current and former employees at their last known addresses, along with contact information for representatives of the Secretary (to be provided by the Secretary's representatives); **and**

4. Within 7 days of this Order, post the above statement in English and any other language as necessary, with contact information for representatives of the Secretary (to be provided by the Secretary's representatives) in a conspicuous location at its office.

**IT IS FURTHER ORDERED** that the above named Defendants show cause before a motion term of this Court, at Room 920, United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York on April 12, 2023, at 9 o'clock a.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendants, their officers, employees, agents, successors, and all persons acting or claiming to act in their behalf and interest during the pendency of this action from:

1. Violating section 15(a)(3) of the Act;

2. Causing any current or former employees due back wages under the October 3, 2022 Back Wage Compliance and Payment Agreement (the "Agreement") they signed to "kick back" any back wages found due to the employees under the Agreement;

3. Deducting from the current wages due to any current employee for hours worked any back wages paid to that employee pursuant to the Agreement;

4. Harming and threatening harm, terminating or threatening to terminate employment, blacklisting or threatening future employment, contacting immigration authorities or other

4

law enforcement or threatening to contact law enforcement, withholding wages or threatening to withhold wages, reducing hours or threatening to reduce hours, intimidating, coercing, threatening, or retaliating or discriminating against their employees in any other way, to prevent or otherwise dissuade an employee from speaking with the Department of Labor, accepting back wages owed to them under the Agreement, or engaging in any other protected activity under the Act;

5. Harming and threatening harm, terminating or threatening to terminate employment, blacklisting or threatening future employment, contacting immigration authorities or other law enforcement or threatening to contact law enforcement, withholding wages or threatening to withhold wages, reducing hours or threatening to reduce hours, intimidating, coercing, threatening, or retaliating or discriminating against their employees in any other way, based on Defendant's belief that such employee has spoken with the Department of Labor or engaged in any other protected activity under the Act;

6. Obstructing and interfering with the Secretary's supervision of the distribution of back wage payments pursuant to the Agreement;

7. Telling any workers not to cooperate with the Secretary's representatives; instructing any workers to provide incomplete or false information to the Secretary's representatives; or questioning workers about their cooperation or communications with the Secretary's representatives; **and**

8. Terminating any employee without providing at least seven days notice to the Wage and Hour Division of the U.S. Department of Labor prior to any termination.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this Order upon Defendants, and electronically file proof of service forthwith by __April 7_____, 2023.

Papers in opposition of Plaintiff's application for preliminary injunction, if any, shall be filed by __April 10_____, 2023.

**Defendants Craig Napolitano and Robert Napolitano are ORDERED to appear IN PERSON at the hearing on April 12, 2023 at 9:00 a.m.**
/s/ JMA

DATED: __April 6_____, 2023
Central Islip, New York

_____
JOAN M. AZRACK (/s/ J.M.A.)
UNITED STATES DISTRICT JUDGE