UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------
JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,

          Plaintiff,

v.

P & B HEATING & AIR CONDITIONING CORP., CRAIG NAPOLITANO, and ROBERT NAPOLITANO,

          Defendants.
-------------------------------------------------------------------

Case No. 23-CV-2582

## CONSENT JUDGMENT AND ORDER

1. Plaintiff Julie A. Su, Acting Secretary of Labor ("Plaintiff" or "the Acting Secretary"), United States Department of Labor ("DOL" or the "Department"), filed a Complaint in this case under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA" or the "Act") against Defendants P & B Heating & Air Conditioning Corp., Craig Napolitano, and Robert Napolitano (collectively the "Defendants"). Defendants, who have appeared by counsel and answered, agree to the entry of this Judgment without contest in full settlement of the claims which have been asserted in the Acting Secretary's Complaint.

2. The Acting Secretary alleges that Defendants unlawfully demanded with the threat of termination that their employees "kick back" or return the overtime back wages Defendants agreed to pay to their employees pursuant to a Back Wage Compliance and Payment Agreement (the "Agreement") between Defendants and the Wage Hour Division ("WHD"), which the Acting Secretary alleges resulted in at least one employee kicking back their payment., in violation of section 15(a)(3) of the Act. 29 U.S.C. § 215(a)(3).

3. Defendants agree that they are a covered enterprise under sections 3(r) and 3(s) of Act and

that the provisions of the Act apply to them.

4. Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

5. Defendants acknowledge that they have notice of, have read, and understand the provisions of this Consent Judgment, acknowledge their responsibilities pursuant to this Consent Judgment and that they may be subject to sanctions in contempt of this Court.

6. It is therefore ORDERED, ADJUDGED, and DECREED that Defendants, their officers, employees, agents, successors, employees and all persons in active concert or participation with Defendants, are permanently enjoined and restrained from violating the provisions of section 15(a)(3) of the FLSA, 29 U.S.C. §215(a)(3) in any of the following manners:

    a. Demanding employees "kick back" or return overtime back wages owed to them that Defendants agreed to pay to their employees pursuant to the Agreement, or the punitive damages payment referred to in paragraphs 8-10 of this Consent Judgment.

    b. Causing any current or former employee due back wages under the Agreement to "kick back," return overtime back wages owed to them, refuse to accept payments of any such back wages to Defendants or the punitive damages payment referred to in paragraphs 8-10 of this Consent Judgment.

    c. Deducting payment or a portion of payment from any employee's current or future wages that are owed to them under the Agreement.

    d. Deducting payment or a portion of payment from any employee's current or future wages that are owed to them under this Consent Judgment.

e. Harming or threatening to harm, terminating or threatening to terminate employment, blacklisting or threatening future employment, withholding wages or threatening to withhold wages, reducing hours or threatening to reduce hours, intimidating, coercing, threatening, or retaliating or discriminating against their employees in any other way, to prevent or otherwise dissuade an employee from speaking with the Department of Labor, accepting back wages owed to them under the Agreement, or the punitive damages payment referred to in paragraphs 8-10 of this Consent Judgment, or engaging in any other protected activity under the Act;

f. Harming or threatening to harm, terminating or threatening to terminate employment, blacklisting or threatening future employment, contacting immigration authorities or other law enforcement or threatening to contact law enforcement, withholding wages or threatening to withhold wages, reducing hours or threatening to reduce hours, intimidating, coercing, threatening, or retaliating or discriminating against their employees in any other way, based on Defendants' belief that such employee has spoken with the Department of Labor or engaged in any other protected activity under the Act;

g. Obstructing or interfering with the Acting Secretary's supervision of the distribution of back wage payments pursuant to the Agreement or the punitive damages payment referred to in paragraphs 8-10 of this Consent Judgment.

h. Telling any employees not to cooperate with the Acting Secretary's representatives; instructing any workers to provide incomplete or false information to the Acting Secretary's representatives; or questioning employees about their cooperation or communications with the Acting Secretary's representatives.

7. It is further ORDERED that within seven (7) days of entry of this Consent Judgment that Defendants:

    a. Create a company-wide posting (including electronic posting, if applicable) of the written statement below and post it in a conspicuous place at Defendants' worksite located at 1004 Peconic Avenue, West Babylon, NY 11704 for at least sixty (60) days from the date that Consent Judgment is entered.

    b. Distribute the written statement below to all current employees and to any re-hired employees that are considered covered employees under the Agreement.

    > **In October 2022, the Department of Labor reached a settlement with P & B Heating & Air Conditioning Corp. and Craig Napolitano and Robert Napolitano for violations of the Fair Labor Standards Act. Under the settlement, some workers are owed overtime wages for work performed between July 5, 2019, and July 4, 2021.**

    > **You have the right to receive the full amount of any back wages owed (after taxes). The back wages from the settlement are not duplicative of the wages you were previously paid by your employer. P & B Heating & Air Conditioning Corp., Craig Napolitano, Robert Napolitano, and Todd Napolitano cannot require you to return any money paid to you as part of the settlement with the Department of Labor. They cannot ask you to give up your current or future wages to get money from the settlement, or threaten to retaliate against you, including termination, if you keep any money you get as part of the settlement with the Department of Labor.**

    > **You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation into your employer's workplace practices and employment conditions. You have the right to speak freely with investigators, attorneys, or other officials from the Department of Labor. Your employer and any person acting on behalf of your employer are prohibited from retaliating against you in any way, including by threatening harm to you or your families, terminating you, reporting you to immigration, or threatening to do any of these things because you spoke with the Department of Labor or because you refused to turn over any money paid to you as part of the settlement with the Department of Labor.**

> **The U.S. District Court for the Eastern District of New York has ordered P & B Heating & Air Conditioning Corp., Craig Napolitano, Robert Napolitano, and anyone acting on their behalf to cease coercing, retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening employees for providing information to the Department of Labor or for accepting the money paid to you as part of any settlement with the Department of Labor or this Consent Judgment.**

    c. For one (1) year from execution of the Consent Judgment, distribute the following written statement to all new hires within seven (7) days of their start date:

> **You are protected by the Fair Labor Standards Act and have the right to participate freely in any U.S. Department of Labor investigation into your employer's workplace practices and employment conditions. You have the right to speak freely with investigators, attorneys, or other officials from the Department of Labor. Your employer and any person acting on behalf of your employer are prohibited from retaliating against you in any way, including by terminating you, or threatening to do any of these things because you spoke with the Department of Labor.**

8. It is furthered ORDERED that Defendants shall make a single payment of $15,000.00 in punitive damages to resolve the Acting Secretary's allegations under section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Payment of the punitive damages shall be made by Defendants within thirty (30) days from the date of execution of this Consent Judgment.

9. Defendants may make the above punitive damages payment required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE.

10. Upon receipt from Defendants of the damages set forth above, the Acting Secretary shall distribute the $15,000.00 in punitive damages to Defendants' current or former employees who

were considered covered employees under the Agreement that were employed by the defendants as of March 1, 2023.

11. The damages provisions of this Consent Judgment shall be deemed satisfied when Defendants deliver the total amount to the Acting Secretary.

12. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as damages under this Consent Judgment.

13. Nothing in this Consent Judgment precludes the Acting Secretary from bringing any enforcement action against Defendants for any violation of the FLSA not specifically set forth in the Acting Secretary's Complaint in this case.

14. Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

15. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

DATED:    May 20, 2024  , 2023
Central Islip, NY

SO ORDERED:

/s/ Hon. Nusrat J. Choudhury
HONORABLE NUSRAT JAHAN CHOUDHURY
UNITED STATES DISTRICT JUDGE

BY:

_____
P &B HEATING AND AIR CONDITIONING CORP.
CRAIG NAPOLITANO, CORPORATE OFFICER

_____
CRAIG NAPOLITANO, Individually

_____
ROBERT NAPOLITANO, Individually

STATE OF NEW YORK )
:SS:
COUNTY OF )

On the 21 day of November 2023 before me came **CRAIG NAPOLITANO**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of, **P &B HEATING AND AIR CONDITIONING CORPORATION**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

*Christine Cavanagh*
NOTARY PUBLIC

CHRISTINE CAVANAGH
Notary Public - State of New York
NO. 01CA6241426
Qualified in Suffolk County
My Commission Expires May 23, 2027

STATE OF NEW YORK ) :SS:
COUNTY OF )

On the 21 day of November 2023 before me came **CRAIG NAPOLITANO**, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

*Christine Cavanagh*
NOTARY PUBLIC

CHRISTINE CAVANAGH
Notary Public - State of New York
NO. 01CA6241426
Qualified in Suffolk County
My Commission Expires May 23, 2027

STATE OF NEW YORK ) :SS:
COUNTY OF )

On the 21 day of November 2023 before me came **ROBERT NAPOLITANO**, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

*Christine Cavanagh*
NOTARY PUBLIC

CHRISTINE CAVANAGH
Notary Public - State of New York
NO. 01CA6241426
Qualified in Suffolk County
My Commission Expires May 23, 2027